PAUL M. WARNER, United States Attorney (#3389)
KARIN M. FOJTIK, Assistant United States Attorney (#7527)
Attorneys for the United States of America
185 South State Street, #400
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 2 6 2005

MARKUS B. ZIMMER, CLERK
BY _____
            DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:05 CR 0009 DAK |
| Plaintiff, | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | : | |
| GRAYDON ANTHONY SMITH, | : | Honorable Dale A. Kimball |
| Defendant. | : | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1. The nature of the charge against me has been explained. I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me.

2. I know that the maximum possible penalty provided by law for Count I, a violation of Title 18, United States Code, Section 2422(b) (Coercion and Enticement for Illegal Sexual Activity), is a term of imprisonment of not less than 5 years, and up to 30 years, a fine of $250,000.00, and a term of supervised release of up to life.

I know the court is required to impose an assessment in the amount of $100.00 and that restitution to the victims of my offense shall be ordered pursuant to Title 18, United States Code, Section 3663A.

3.      I know that the sentencing procedures in this case, and the ultimate sentence, will be determined pursuant to 18 U.S.C. § 3553(a), and that the court must consider, but is not bound by, the United States Sentencing Guidelines in determining my sentence. I have discussed these facts with my attorney. I further know that the final sentence determined by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea in spite of that fact. I know that although the Court is required to consider any applicable sentencing guidelines, the Court may depart from the guidelines.

4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

>   (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
>   (b) I have a right to see and observe the witnesses who testify against me.
>
>   (c) My attorney can cross-examine all witnesses who testify against me.
>
>   (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
>   (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.
>
>   (f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. Under a plea of guilty, there will not be a trial of any kind.

8. I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

9. I know the United States may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law, or in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10. I know that under a plea of guilty, the judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me and if I give false answers, I can be prosecuted for perjury.

11. I understand that in order for me to found guilty of the charge set forth in the indictment, the government must prove each of the following *elements* of 18 U.S.C. § 2422(b), Coercion and Enticement, beyond a reasonable doubt:

> 1. That I knowingly persuaded, induced, enticed, coerced, or attempted to persuade, induce, entice or coerce, any individual who has not attained the age of 18 years old, to engage in any sexual activity for which any person can be charged with a criminal offense; and
>
> 2. That I did so by use of a facility of interstate commerce, specifically the internet.

I stipulate and agree that the following *facts* accurately describe my conduct. They provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

That on or about January 8, 2005, in the Northern Division of the District of Utah, I knowingly, by use of a facility of interstate commerce, that is Yahoo! Instant Messaging, and my computer to communicate in an Internet chatroom with "ultimatebrat12" an individual the I believed was a 13 year old girl living in Utah. During the course of the communications, I knowingly and intentionally attempted to persuade, induce, entice coerce "ultimatebrat12" to engage in sexual activity for which I could be charged with a criminal offense. The chatroom communications traveled in interstate commerce from my computer in Utah, to a Yahoo! server in California and then to the agents' computer in Utah. I traveled to meet "ultimatebrat12" in my 1987 Dark Blue Toyota MR2, License: Illini. My actions were in violation of Title 18, United States code, Section 2422(b).

12.  This plea agreement is made pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

    A.    The defendant agrees to:

        1.    Plead guilty to Count I of the Indictment.

        2.    Make no motions for a downward departure from the appropriate Guideline range.

        3.    I currently own, have previously owned or over which I have in the past, exercised control, directly or indirectly, and any property I have transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense, including but not limited to the following specific property:

           a. Dee One Systems Computer #D16/96A0089 CPU, White with Gray Bottom
           b. 1987 Dark Blue Toyota MR2: License "Illini"

    I warrant that I am the sole owner of all of the property listed above, and agree to hold the United States, its agents and employees

harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

I further agree to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. I acknowledge that I understand that the forfeiture of assets is part of the sentence that may be imposed in this case and waive any failure by the court to advise me of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

I further agree to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

B. The United States Attorney's office for the District of Utah agrees to:

1. Make a motion at the time of sentencing in this matter to reduce the defendant's offense level under the Sentencing Guidelines by two or three levels, as appropriate for acceptance of responsibility, if, in the opinion of the United States the defendant clearly demonstrates acceptance of responsibility for his offense as set forth in Section 3E1.1 of the Sentencing Guidelines.

2. Make no motions for an upward departures other than a two point upward enhancement for use of a computer.

13. I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of

the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

14.   I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

15.   I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

16.   I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

\*   \*   \*   \*

I make the following representations to the Court:

1. I am __46__ years of age. My education consists of __Master of Arts degree in Education__. I can read and understand English.

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs,

medication or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication or intoxicants.

7. I have no mental reservations concerning the plea.

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this 26 day of July, 2005.

*Greydon Anthony Smith*
GREYDON ANTHONY SMITH
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his rights to him, and I have assisted him in completing this form. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this ___ day of _____, 2005.

RON YENGICH
Attorney for Defendant


This statement sets forth the entire agreement entered into by the United States.

DATED this ___ day of _____, 2005.

PAUL M. WARNER
United States Attorney


KARIN M. FOJTIK
Assistant United States Attorney