**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**GREYDON ANTHONY SMITH,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>**Case No. 1:05CR9DAK**<br><br>**Judge Dale A. Kimball** |

On July 5, 2016, the court received a letter from Defendant seeking early termination of his supervised release. This court sentenced Defendant to 60 months incarceration and 120 months of supervised release. Defendant has served approximately six of his ten years of supervised release. The United States opposed Defendant's motion and Defendant's United States Probation Officer provided the court with a supervision summary report.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any

policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Defendant has served six of his ten-year term of supervised release. Defendant's probation officer states that Defendant has been fully compliant while on supervised release, completed all active conditions of supervision, maintained gainful employment, and sustains a stable residence with his wife. Defendant has taken many positive steps to turn his life around.

The court, however, has concerns with respect the nature and circumstances of the offense. As a high school teacher and coach at the time of his offense, Defendant held a position of trust in the community. Moreover, the type of crime has a likelihood of recidivism and there is a need to err on the side of caution to protect the community. Defendant's ten-year term of supervised release is much lower than the lifetime term of supervised release that has been imposed in many similar cases. The court does not want to diminish Defendant's efforts while on supervised release, but the court believes that Defendant will benefit from continued supervision to help ensure that Defendant continues along the right path consistently. The court, therefore, denies Defendant's motion for early termination of supervised release.

DATED this 7th day of September, 2016.

BY THE COURT:

DALE A. KIMBALL
United States District Judge