IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| UNITED STATES OF AMERICA, | MEMORANDUM DECISION AND ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE |
|---|---|
| Plaintiff, | |
| v. | Case No. 1:05CR9DAK |
| GREYDON ANTHONY SMITH, | Judge Dale A. Kimball |
| Defendant. | |

On July 25, 2017, the court received a letter from Defendant again seeking early termination of his supervised release. Defendant sought early termination of his supervised release last year and the court denied his request. On December 1, 2005, this court sentenced Defendant to 60 months incarceration and 120 months of supervised release. Defendant has served approximately seven of his ten years of supervised release. The United States opposes Defendant's motion and Defendant's United States Probation Officer has provided the court with a supervision summary.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be

considered in imposing a sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

Many aspects of Defendant's request remain the same as last year. Defendant's probation officer states that Defendant has been fully compliant while on supervised release, completed all active conditions of supervision, maintained gainful employment, and sustains a stable residence with his wife. Defendant has taken many positive steps to turn his life around.

Despite these positive steps, the United States opposes Defendant's request because of concerns regarding his acceptance of responsibility and continued minimization of his conduct. The nature and circumstances of the offense are troubling given that it occurred while Defendant was a high school teacher and coach. The court agrees with the United States that it is concerning that Defendant obtained employment that may have put him in contact with minors and he did not disclose his conviction. As the court mentioned in its order last year, the type of offense has a likelihood of recidivism and there is a need to err on the side of caution to protect the community. Any actions by Defendant to minimize his conduct or to place responsibility onto others is not the kind of progress the court would hope for during his term of supervised release. The court agrees that Defendant should be able to engage in activities such as travel with his family. However, he can do so with permission from his probation officer. Defendant must continue to have constructive communication with his probation officer regarding his progress

and prior to making unilateral decisions such as the acquisition of a phone for playing games. The court reminds Defendant that his ten-year term of supervised release could have been a lifetime term of supervised release, which has been imposed in many similar cases. The court continues to believe that Defendant will benefit from supervision. The court, therefore, denies Defendant's motion for early termination of supervised release.

DATED this 14th day of August, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge